ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 11 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COURTNEY TIFFANY CLIMES, :
Individually and as the Natural Parent of :
Her Infant Child, :
 :
    Plaintiff, : CIVIL ACTION NO.
 : 1 08-CV-2860
vs. :
 : -HTW
NATHANIEL JOHNSON, III, M.D., :
REGENCY PROFESSIONAL HEALTH :
SERVICES FOR WOMEN, INC., :
WEST END MEDICAL CENTERS, :
INC., JEFF ROMEUS and JOHN DOE, :
 :
    Defendants. :

## NOTICE OF REMOVAL

TO: The United States District Court for the Northern District of Georgia

PLEASE TAKE NOTICE THAT pursuant to Title 28 U.S.C. § 2679(b) and 42 U.S.C. § 233 and on behalf of Defendant West End Medical Centers, Inc., David E. Nahmias, United States Attorney for the Northern District of Georgia, respectfully files this Notice of Removal, and in support of such removal, states as follows:

1. On or about the 6th day of June, 2008, a civil action, Civil Action File No. 2008CV151690, was commenced against the above-named defendants, including West End Medical Centers, Inc. (hereinafter "West End"), in the Superior Court of

Fulton County, Georgia. A copy of the summons and complaint is attached hereto.

2. The Complaint alleges that on May 9, 2006 and June 8, 2006, plaintiff, Courtney Climes consulted with and was examined by defendant Nathaniel Johnson, M.D. a physician contractor at West End. Plaintiff alleges that defendant Johnson was employed by Regency Professional Health Services for Women, Inc., and while employed there he allowed defendant Jeff Romeus, who was not authorized to practice medicine in Georgia, to treat and advise plaintiff during her pregnancy and that defendant Romeus administered unsupervised treatment and examinations of plaintiff. Plaintiff also alleges that a John Doe health care provider at West End performed an ultrasound that failed to meet the standard of care. Plaintiff further alleges that defendant Johnson committed fraud and defendant Romeus committed battery and that defendant West End is vicariously liable for defendant Johnson's actions. Finally, Plaintiff alleges that the negligence of Defendants resulted in a failed vaginal delivery that caused plaintiff to sustain physical and emotional injuries and ultimately resulted in the wrongful death of her child. Plaintiff brings this action negligence, fraud, battery, medical malpractice and wrongful death.

3. Defendant West End is a federally supported health center covered by

The Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501), and was deemed eligible for Federal Tort Claims Act coverage on July 1, 1993. Defendant West End renewed its deemed status on June 23, 1996, January 1, 2006, January 1, 2007 and January 1, 2008. Consequently, defendant West End is deemed to be a federal employee covered by 42 U.S.C. § 233(a) for acts and omissions that occurred while the deeming letters were in effect.

4. The applicable version of 42 U.S.C. § 233(a) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Upon certification by the Attorney General or his designee that the defendants were acting within the scope of their federal employment at the time of the incident out of which the lawsuit arose, the action is deemed one against the United States, and the United States must be substituted as a defendant in place of the named defendants. 42 U.S.C. § 233(c).

-3-

5. The above-captioned action is one which may be removed without bond to this court at any time before trial pursuant to 42 U.S.C. § 233(c).

6. Attached hereto is a certification signed by the United States Attorney for the Northern District of Georgia, that defendant West End was acting within the scope of its federal employment at the time of acts and omissions alleged in the lawsuit.

WHEREFORE, defendant West End prays that the above-styled case now pending in the Superior Court of Fulton County, State of Georgia, be removed therefrom to this court.

This 11th day of September, 2008.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

LISA D. COOPER
ASSISTANT U. S. ATTORNEY
Georgia Bar No. 186165
600 Richard B. Russell Bldg.
75 Spring Street, S.W.
Atlanta, Georgia  30303
404/581-6249 tel
404/581-6150 fax

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

/s/ Lisa D. Cooper
LISA D. COOPER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 186165

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing <u>Notice of Removal</u> upon the Plaintiff by causing a copy of it to be deposited in the United States mail first class postage prepaid, and addressed as follows:

>Daryl Von Yokely
>The Law Office of Daryl Von Yokely
>1010 The Chandler Bldg.
>127 Peachtree St. NE
>Atlanta, Georgia 30303

This 11th day of September, 2008.

>S/ Lisa D. Cooper
>LISA D. COOPER
>
>Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COURTNEY TIFFANY CLIMES, <br> Individually and as the Natural Parent of <br> Her Infant Child, <br> <br> Plaintiff, <br> <br> vs. <br> <br> NATHANIEL JOHNSON, III, M.D., <br> REGENCY PROFESSIONAL HEALTH <br> SERVICES FOR WOMEN, INC., <br> WEST END MEDICAL CENTERS, <br> INC., JEFF ROMEUS and JOHN DOE, <br> <br> Defendants. | : <br> : <br> : <br> : <br> : CIVIL ACTION NO. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATION

Pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c), David E. Nahmias, the United States Attorney for the Northern District of Georgia, hereby certifies that based upon the information currently available, he is of the opinion that West End Medical Centers, Inc., was acting within the scope of its employment with the United States of America for the acts alleged in this lawsuit.

This 10th day of September, 2008.

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

NORTHERN DISTRICT OF GEORGIA

600 Richard B. Russell Bldg.
75 Spring St. SW
Atlanta, GA 30303