**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Courtney Tiffany Climes, Individually, And as Natural Parent of Her Infant Child

Plaintiff,

vs.

Nathaniel Johnson, III, M.D., Regency Professional Health Services For Women, Inc., West End Medical Centers, Inc. Jeff Romeus and John Doe,

Defendants.

CIVIL ACTION FILE
NO: 2008CV153690

FILED IN OFFICE
JUN - 6 2008
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**COMPLAINT FOR DAMAGES**

**COMES NOW,** Plaintiff in the above styled action and files this her Complaint For Damages, by and through her attorney of record, by stating as follows:

PARTIES AND JURISDICTION

-1-

Plaintiff is a resident of Atlanta, Fulton County, Georgia.

-2-

Defendant Jeff Romeus, *[hereinafter referred to as Defendant Romeus]* is a resident of the State of Georgia and once served will be subject to the jurisdiction of this Court.

-3-

Nathaniel Johnson, M.D., *[hereinafter referred to as Defendant Johnson]* is a resident of the City of Atlanta, Fulton County, Georgia, and may be served at 3915 Cascade Road, Suite T-115, Atlanta, GA 30331, and when served, is subject to the jurisdiction of this Court.

-4-

Defendant Regency Professional Health Services for Women, Inc., *[hereinafter referred to as Defendant Regency]*, is a Georgia Domestic for profit Corporation licensed to do business in the State of Georgia, and may be served through its registered agent, Nathaniel Johnson, III at the corporate office located at 300 Regency Crest Court, Atlanta, Fulton County, Georgia 30331, and when served, will be subject to the jurisdiction of this Court.

-5-

Defendant West End Medical Centers, Inc., *[hereinafter referred to as Defendant West End]*, is a Georgia Domestic non-profit Corporation licensed to do business in the State of Georgia, and may be served through its registered agent, George L. Howell, located at 127 Peachtree Street, NE, Suite 920, Atlanta, Fulton, GA 30303 and when served, will be subject to the jurisdiction of this Court.

-6-

Defendant John Doe *[hereinafter referred to as Defendant doe]* is a health care professional employed by Defendant West End, and is subject to the jurisdiction of this Court.

-7-

Venue is proper in this Court.

**COUNT I**

FACTS

-8-

Dr. Nathaniel Johnson specializes in obstetrics and Gynecology.

-9-

On May 9, 2006, Plaintiff Courtney Climes consulted with Defendant Johnson regarding her pregnancy.

-10-

Pursuant to her May 9, 2006 consultation, Defendant Johnson referred Plaintiff Climes to Quest Diagnostics for a lab screening.

-11-

At all times relevant to the May 9, consultation, Defendant Johnson was employed by Defendant West End.

-12-

On June 8, 2006, Plaintiff was again examined at the office of Defendant West End.

-13-

On June 8, 2006, Defendant John Doe, a technician employed by Defendant West End *[hereinafter referred to as Defendant Doe]*, performed an ultrasound on Plaintiff Climes to determine the status of her unborn child.

-14-

On June 8, 2006, subsequent to Plaintiff's examination at West End, Plaintiff's file was transferred to Defendant Regency.

-15-

All physical examinations, testing and evaluations which occurred after June 8, 2006, were ordered by Defendant Johnson, by and through his employment at Defendant Regency.

-16-

Plaintiff subsequently consulted with Defendant Johnson through his affiliation with Defendant Regency on July 25, 2006; August 15, 2006; September 5. 2006; September 19, 2006 and October 3, 2006.

-17-

During all treatment examination dates, stated in ¶¶ 15, Defendant Johnson and/or Defendant Regency employed an individual by the name of Jeff Romeus.

-18-

Upon information and belief Jeff Romeus attended the American International School of Medicine, Guyana, South America, Class of 2004.

-19-

Upon information and belief, Jeff Romeus is not licensed to practice medicine in the State of Georgia.

-20-

Upon information and belief, Jeff Romeus is not licensed to practice medicine by any State Medical Examination Board in any of the fifty (50) states of the United States.

-21-

Defendant Romeus was presented and introduced to Plaintiff, by Defendant Johnson, as a licensed Medical Doctor qualified to monitor, treat and advise Plaintiff during her pregnancy.

-22-

Although, not licensed to practice medicine in Georgia, or any other State within the United States, Defendant Romeus administered unsupervised treatment and examinations of Plaintiff with the knowledge and consent of Defendant Johnson.

**COUNT II**

BREACH OF FIDUCIARY DUTY TO PLAINTIFF

-23-

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-24-

At all times relevant to this cause of action, a doctor/patient fiduciary relationship existed between Defendant Johnson and Plaintiff Courtney Climes.

-25-

At all times relevant herein, Defendant Johnson knew full well that Defendant Romeus was not a licensed physician.

-26-

That despite the knowledge that Defendant Romeus was not a licensed physician, Defendant Johnson permitted Defendant Romeus to represent that he was a duly licensed physician and authorized Defendant Romeus to examine diagnosis and treat Plaintiff.

-27-

Defendant Johnson's breach of fiduciary duty was a direct and proximate cause of the mental and physical injuries to Plaintiff.

-28-

Prior to the delivery of Plaintiff's minor child, Defendant Johnson knew that Defendant Romeus did not have the requisite training, skill and expertise to properly diagnose treat and examine Plaintiff during her pregnancy. Since Defendant Romeus was unskilled and untrained, Defendant Romeus was not capable or competent to treat and evaluate Plaintiff Climes. Defendant Johnson had a duty to inform Plaintiff Climes of these facts but failed to do so.

-29-

Defendant Johnson's intentional breach of his fiduciary duty which he owed to Plaintiff Climes evidenced willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences on the part of defendant Johnson, thus authorizing the recovery by Plaintiff of punitive damages in this matter.

-30-

Furthermore, Plaintiff's claim for compensatory damages for Defendant's intentional breach of fiduciary duty as set forth in this Count II is not a "medical

malpractice action", as that term is used in O.C.G.A. 51-13-1; and accordingly, there is no cap on Plaintiff's claim for the recovery of non-economic compensatory damages.

**COUNT III**

FRAUD

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-31-

Defendant Johnson falsely represented that Defendant Romeus had been trained to perform the requisite medical examinations during Plaintiff's pregnancy. Defendant Johnson represented that Defendant Romeus was licensed completely capable and competent to effectively complete the examinations which Defendant Romeus conducted at Regency Health Care on behalf of Defendant Johnson.

-32-

Defendant Johnson knew full well that Defendant Romeus did not have the requisite training, skill and experience to properly and effectively diagnose advise and treat Plaintiff during her pregnancy. Plaintiff reasonably relied upon Defendant Johnson representations to her detriment and was damaged thereby. Defendant Johnson's failure to disclose to Plaintiff the fact that Defendant Romeus was not trained licensed and competent to treat and examine her during her pregnancy constitutes fraud.

-33-

Defendant Johnson's actions and omissions in making the intentionally false and fraudulent statements and in failing to disclose Defendant Romeus lack of training and

competence in treating and diagnosing Plaintiff, is evidence of willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences thus authorizing Plaintiff to recover punitive damages against Defendant Johnson for his fraudulent conduct.

-34-

Furthermore, Plaintiff's claim for compensatory damages for Defendant Johnson's intentional fraud, as set forth in Count III, is not a "medical malpractice action" as that term is used in O.C.G.A. §51-13-1 and accordingly, there is no cap on Plaintiff's claim for recovery of non-economic compensatory damages under Count III.

**COUNT IV**

BATTERY

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-35-

Defendant Johnson had a duty to inform Plaintiff that Defendant Romeus was not a licensed physician.

-36-

Defendant Johnson breached his duty to inform Plaintiff that Defendant Romeus was not a licensed physician.

-37-

Because Defendant Romeus was not a licensed physician, each time he examined on touch Plaintiff Climes, Defendant Romeus committed a battery upon Plaintiff Climes.

-38-

Defendant Johnson intentionally allowed Defendant Romeus to commit battery against Plaintiff Climes.

-39-

Defendant Johnson's participation in the battery(s) against Ms. Climes is evidence of willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would authorize Plaintiff to recover punitive damages against Defendant Johnson for aiding in the intentional battery perpetrated by Defendant Romeus.

-40-

Furthermore, Plaintiff's claim for compensatory damages for Defendant Romeus' intentional battery, as set forth in this Count IV, is not a "medical malpractice action" as that term is used in O.C.G.A. § 51-13-1 and accordingly, there is no cap on Plaintiff's claim for recovery of non-economic compensatory damages under this Count IV.

**COUNT V**

VICARIOUS LIABLITY AGAINST DEFENDANT REGENCY PROFESSIONAL HEALTH SERVICES FOR WOMEN AND WEST END MEDICAL CENTERS, INC.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-41-

On May 9, 2006 and June 8, 2006, Defendant Johnson was employed by Defendant West End.

-42-

On June 8, 2006, Defendant John Doe was employed by Defendant West End.

-43-

Accordingly, Defendant West End is vicariously liable for Defendant Johnson and Defendant Doe's conduct, for any and all damages awarded against Defendant Johnson under Count IX, as set forth in this Complaint.

-44-

On July 25, 2006; August 15, 2006; September 5, 2006, September 19, 2006 and October 3, 2006, Defendant Johnson was employed by Defendant Regency.

-45-

Accordingly, Defendant Regency is vicariously liable for Defendant Johnson and Defendant Romeus' conduct, for any and all damages awarded against Defendant Johnson and Romeus under all Counts set forth in this Complaint.

**COUNT VI**

NEGLIGENCE PER SE

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-46-

O. C. G. A. § 3-34-26 Prohibits the practice of medicine without a license.

-47-

Defendant Romeus' violation of this code section, by representing to Plaintiff that he was an M.D., is in direct violation of O.C.G.A. §43-34-26.

-48-

Defendant Johnson, as a physician licensed to practice medicine in the State of Georgia, is directly liable for aiding and abetting Defendant Romeus in the unauthorized practice of medicine.

-49-

Plaintiff is within the class of persons that the statute was meant to protect.

-50-

The harm to Plaintiff was the type of harm that the Statute intended to guard the public from.

-51-

At all times relevant herein, Defendant Johnson knew that Defendant Romeus was unlicensed.

-52-

Plaintiff never consented to be treated and/or examined by an unlicensed physician.

-53-

As a direct and proximate cause of Defendant Romeus and Defendant Johnson's statutory violated(s), Plaintiff has suffered egregious harm. Including but not limited to physical pain suffering and mental anguish.

**COUNT VII**

INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-54-

Defendant Johnson's participation and acquiesce in Defendant Romeus' conduct was intentional and was want of such care as to be reckless.

-55-

Defendant Johnson's participation in and Defendant Romeus' actions of examinations, monitoring and treating patients with knowledge that Defendant Romeus did not have a medical license is extreme and outrageous.

-56-

Defendant Johnson's conduct has caused Plaintiff severe emotional distress.

-57-

Plaintiff's severe emotional distress is directly and proximately related to Defendants' outrageous conduct.

**COUNT VIII**

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/IMPACT

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 of this Complaint as set forth fully herein.

-58-

That on October 15, 2006, Plaintiff was admitted to Emory Crawford Long Hospital.

-59-

That on October 17, 2006, Defendant attempted a failed vaginal delivery of Plaintiff's newborn child.

-60-

That during the failed vaginal delivery, Plaintiff sustained physical injuries to her person.

-61-

That the injuries sustained by Plaintiff have; and will continue to cause her severe emotional distress.

**COUNT IX**

WRONGFUL DEATH

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-22 and Counts I through VIII of this Complaint as set forth fully herein.

Plaintiff further states:

-62-

That on June 8, 2006, Defendant(s) performed a second trimester ultrasound.

-63-

That the ultrasound performed by Defendant(s) departed from the standard of care as more specifically set forth in the affidavit of Dr. Philippe Jeanty, attached hereto as Exhibit "A".

-64-

That a properly administered second trimester ultrasound would have revealed that Plaintiff's unborn child had a large saccroggeal teratoma.

-65-

Proper diagnosis of the tumor would have required a referral to a maternal fetal medicine specialist that could have devised a pre-delivery plan which involved a cesarean section with a classical uterine incision.

-66-

The standard of care for delivery of the child further required the presence of a neonatal resuscitation team and a pediatric surgeon.

-67-

As specifically set forth in the affidavit of Dr. Steven Warsof (Exhibit "B"), Defendant's failure to diagnose the tumor and make the appropriate pre-delivery arrangements was below the standard of care and was a direct and proximate cause of the death of Plaintiff's unborn child.

-68-

The medical records reflect that at the time of delivery, Decedent was recognized as having a pulse; but subsequently died while taken to the operating room, as a result of umbilical cord compression.

-69-

At all times relevant hereto, Plaintiff was conscious at the time of the failed delivery.

-70-

During the delivery, Plaintiff was conscious and witnessed Defendant's repeated attempts and failure to fully deliver her child.

-71-

The horrific attempts at the vaginal delivery of Plaintiff's child; which caused the child's subsequent death, as witnessed by the Plaintiff, has caused Plaintiff severe mental and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that she be awarded a sum in excess of $10,000.00 for:

a) Breach of fiduciary duty;

b) Fraud;

c) Battery;

d) Defendant Johnson's violation of O.C.G.A. § 43-34-26;

e) Intentional Infliction of Emotional Distress;

f) Negligent Infliction of Emotional Distress;

g) Full Value of Life for the Wrongful Death of Her Child;

h) Punitive Damages for Defendants' willful, wanton and reckless conduct.

This 4th day of June, 2008.

Sincerely,

The Law Office Of Daryl Von Yokely

By:________________________________

Daryl Von Yokely
Georgia Bar No. 780950

The Candler Building
127 Peachtree Street, Suite 1010
Atlanta, GA 30303
(404) 876-5458

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**SUPERIOR COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. 2008cv151690

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $______ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $______ |
| [X] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $______ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $______ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. ______ | |

Courtney Tiffany Climes, Individually,
And as Natural Parent of Her Infant Child
Plaintiff's Name, Address, City, State, Zip Code

vs.

Nathaniel Johnson III, M.D., Regency Professional Health Services For Women, Inc., West End Medical Centers, Inc., Jeff Romeus, and John Doe
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Daryl Von Yokely

Address: 127 Peachtree Street

City, State, Zip Code: Atlanta, Georgia 30303 Phone No.: (404)-876-5458

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at Lewis Slaton Courthouse, Room C-~~155, 136~~ Pryor Street SW, Atlanta, GA 30303.

This June 6, 2008

*Cathelene "Tina" Robinson*, **Clerk**

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ______________, 20____.

______________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________

This ______ day of ______________, 20____. ______________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Wems received 6/10/08 L Abbott

to E. Lewis 6/11/08 E Lewis

Triton 6/17/08 Ragsdell